This is an appeal from a denial of a rule 60 (b)(6), A.R.C.P., motion for relief from a consent settlement in a workmen's compensation case.
The dispositive issue is whether the trial court abused its discretion in denying plaintiff-employee's motion. We hold that it did and reverse.
The record reveals that the plaintiff, while within the line and scope of his employment, was injured in an automobile accident on May 12, 1972. In settlement of plaintiff's workmen's compensation claim, the plaintiff and defendant entered into a compromise agreement which was approved by the Circuit Court of Talladega County on June 6, 1974. The plaintiff was unrepresented at the proceeding approving the compromise settlement.
Fourteen months later in 1975 plaintiff, through counsel, filed a rule 60 (b)(6) motion to set aside the approval of the workmen's compensation settlement. A hearing on said motion was held on June 18, 1980. An order overruling the motion was entered on February 25, 1981. The plaintiff appeals from this order.
The employee's motion is in part bottomed on the premise that the employee was "incompetent" to enter into a settlement. Supporting this contention, plaintiff produced three witnesses, his wife, daughter, and a family friend, all of whom testified that plaintiff was unable to understand the nature and effect of the workmen's compensation settlement.
A psychologist, appearing through deposition, also concluded that the plaintiff could not understand the settlement when entered into in 1974. The psychologist based his opinion upon tests administered to the plaintiff by the psychologist in 1976. Of particular pertinence, is the Weschler Adult Intelligence Scale which consisted of simple money calculations and money word problems. The plaintiff scored in the lowest tenth percentile on the test. Additional testing indicated that the plaintiff had difficulty in perceiving complex visual stimuli. The psychologist concluded that the plaintiff had an I.Q. of 62 which is within the range of the mildly mentally retarded.
Opposing the plaintiff's motion to set the agreement aside, the defendant, through able counsel who made an excellent presentation at oral argument, relies upon the plaintiff's statement that he understood that the sum provided for in the agreement was all that the plaintiff would be receiving. The defendant's lawyer, who presented the settlement to the court, also testified that, in his opinion, the plaintiff understood the settlement. The trial court, after diligently considering the record, the testimony, and the depositions held that the evidence was insufficient "to establish the Plaintiff's mental incapacity to understand the nature and the amount of the settlement. . . ."
Whenever a rule 60 (b) motion is presented to a court it is faced with the task of balancing the need to insure the finality of judgments against the power under rule 60 (b) to set aside final judgments. See 7 Moore's Federal Practice ¶ 60.27[1] (2d ed. 1979). The trial court undoubtedly has broad discretion in striking this balance and will not be reversed absent abuse of its discretion. Charles Townsend Ford, Inc. v. *Page 81 Edwards, 374 So.2d 900 (Ala.Civ.App. 1979). The trial court's discretion in affecting this balance is perhaps at its greatest under rule 60 (b)(6) which allows the court to set aside a final judgment for "any other reason justifying relief from the operation of the judgment." Our supreme court has provided some guidance by interpreting rule 60 (b)(6) broadly as a grant of power to courts to vacate judgments when justice so requires.Haskew v. Bradford, 370 So.2d 259 (Ala. 1979). Additionally, both federal and state courts mandate that the rules of procedure be "liberally construed to achieve justice." Smith v.Jackson Tool Die, Inc., 426 F.2d 5, 8 (5th Cir. 1970). SeeThomas v. Liberty National Life Insurance Co., 368 So.2d 254
(Ala. 1979). Based upon the foregoing general principles we hold that, in this case, the learned and distinguished trial judge improperly drew the balance in favor of preserving the final judgment.
Several factors combine to require reversal. First of all the overwhelming weight of the evidence indicates that the plaintiff is and convincingly was incompetent at the time he entered into the workmen's compensation agreement. The trial court apparently recognized the validity of the evidence of incompetency, as well as the overall injustice of the situation, when, in the order overruling the plaintiff's motion, he in part stated:
 This is one of the most pathetic situations it has been [my] misfortune to have to preside over. The Court at this time finds that the Plaintiff is permanently and totally disabled as a result of the accident and injury complained of, and should have received compensation for permanent and total disability.
The weight of the evidence of incompetency is enhanced by the fact that the plaintiff was unrepresented at the time of the agreement. We do not mean to suggest that there is a right to counsel in workmen's compensation cases such as the instant case, but we do think that, under these circumstances, it is a pertinent consideration.
Secondly, we take note of the relative lack of prejudice the defendant would have suffered had the rule 60 (b)(6) motion been granted as compared to the prejudice the plaintiff suffered. See Smith v. Jackson Tool Die, Inc., supra. The defendant merely paid the lump settlement.
The plaintiff, on the other hand, has been forced to live with a settlement he entered into without the aid of counsel and while mentally impaired. Additionally, we note that the plaintiff did not sit on his rights, but instituted his rule 60 (b)(6) motion only fourteen months after the consent settlement.
Finally, we should not lose sight of the fact that the initial action was a workmen's compensation settlement. Workmen's compensation laws were designed to insure quick and efficient compensation for work related injuries. 1 A. Larson, The Law of Workmen's Compensation § 1.10 (1978). The impetus for passage of such laws was the inequities of the common law system of costly and time consuming litigation. Under the common law system an injured workman was often required to compromise his claim in order to survive. W. Prosser, Law of Torts § 80, at 530 (4th ed. 1971). While settlements of workmen's compensation claims are to be encouraged, in approving such settlements the court should not lose sight of the original purpose of workmen's compensation laws.
Defendant argues that this action is not properly before this court on appeal. We note, however, that the issue before this court is the propriety of the trial court's action regarding the plaintiff's rule 60 (b)(6) motion. This is not a review of the plaintiff's workmen's compensation claim. An appeal from a rule 60 (b)(6) ruling is proper.
In summary, we hold that the combined factors of overwhelming evidence of incompetency, lack of counsel and consideration of the fact that this is a workmen's compensation settlement require reversal of the trial court. We emphasize that the effect of this ruling is merely to require that a trial on the merits of plaintiff's claim be held. We express no opinion regarding the validity of his claim. *Page 82 
In view of the above, this cause is due to be reversed and remanded.
REVERSED AND REMANDED.
WRIGHT, P.J., and BRADLEY, J., concur.