EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a workmen’s compensation case.
Mr. Erwin, the employee, received an on-the-job injury to his left knee on May 15, 1982. The accident happened on the first day of his employment, his father-in-law being his employer. The first report of injury by the employer to the workmen’s compensation insurance company (carrier) reveals that the employer was in the lawn maintenance business, that the employee was injured while operating a riding mower and that the employee was a part-time employee with an average weekly wage of $16. The carrier paid compensation to the employee for thirty-six weeks at the rate of $60 per week and, on January 27, 1983, *929 they notified the employee that they had only owed $30 each week to him instead of $60, that they had overpaid him $1,080 and that no further payments would be made on his claim until the overpayment was corrected.
The physician of the employee informed the carrier by letter that the employee’s disability was 30% to his leg as a whole. The carrier wrote to the employee on May 28, 1983, and offered to settle with him. The computations contained in the letter were based upon an average weekly wage of $30 and were as follows:
1. $30.00 x 30% = $9.00
2. 200 weeks X $9.00 = $1800.00
3. $1800.00 minus $1080
overpayment = $720
By letter, the employee accepted that settlement offer. Thereafter, a joint petition was filed seeking the approval of the circuit court of a lump sum settlement in accordance with the offer and acceptance correspondence between the employee and the carrier. After a hearing upon the petition, which was attended by the employee, the trial court rendered a judgment on July 7, 1983, which determined that the allegations of the petition were true and ascertained that the settlement was substantially in compliance with the workman’s compensation law. The trial court approved the settlement. The employee was paid the $720 and he satisfied the judgment on the case action summary on July 7, 1983.
On August 2, 1983, the carrier wrote to the employee that they had been advised by the State of Alabama Workmen’s Compensation Bureau that the settlement figures had been miscalculated and that, after recomputing his compensation in accordance with the figures given to them by the State, the carrier still owed to the employee the sum of $1,738.91. A check for that amount was enclosed with that letter and the check was cashed by the employee. Further approval by the circuit court of that enlargement of the settlement was neither sought nor obtained by any party.
On November 29,1983 and December 16, 1983, the employee filed an application and motion to vacate the July 7, 1983 judgment and the settlement. Those pleadings were expressly based upon § 25-5-56 of the Code of Alabama 1975 and upon Rule 60(b)(6) of the Alabama Rules of Civil Procedure. Therein, he claimed that the carrier misrepresented to him that his average weekly wages were only $30 per week and that he was only due $720 as compensation. He further averred that the carrier’s method of calculation of his benefits, that their method of determining the employee’s average weekly wages and that their representation to him that he had been overpaid by the sum of $1,080 were each fraudulent. His last averred ground to set aside the settlement was that he was coerced into settling prior to his reaching maximum medical improvement because of the supposed overpayment of $1,080 and that he was further coerced into accepting the further sum of $1,738.91. He sought additional compensation and he also sought the payment of his medical expenses which had accumulated since the approval of the consent settlement of July 7, 1983. Attachments to those pleadings which are presently pertinent were copies of the carrier’s letters to the employee dated January 27, 1983, May 28, 1983, and August 2, 1983.
The employee filed his affidavit that on May 15, 1982, the date of the accident, he had just begun working for his father-in-law and “was to be paid $30.00 per day and work was to be available four to five days per week,” that, due to the short period of employment, the term “average weekly wage” was confusing; however, had he not been hurt, he would have made somewhere between $120 and $150 per week.
An affidavit of the carrier’s claim representative who handled the employee’s claim was, in part, as follows:
“The Employers First Report of Injury which was the first notice our company received of the claim, indicated that the employee sustained injury to his left knee. It also indicated that Mr. Erwin was employed only on a part-time basis at a wage rate of $16.00 per week. Subsequent contacts with our insured indi *930 cated that the actual wage rate was $30.00 per week. As this amount, $30.00 per week, was less than the minimum benefits allowed under the Workmen’s Compensation Act for the State of Alabama, we began payment of temporary total benefits at the prevailing minimum rate of $60.00 per week.
“Payments were continued at the rate of $60.00 per week until our office received a telephone call from Mr. Marc Davis of the Alabama Department of Industrial Relations on January 19, 1983. Mr. Davis advised that the proper weekly rate should have been $30.00 per week, and that we should take credit for the previous overpayment on any future temporary total disability benefits or lump sum settlement. Mr. Erwin was advised of this by letter under date of January 27, 1983.
“A disability rating was subsequently received from Mr. Erwin’s attending physician, and an offer of lump sum settlement based on the rating was transmitted to Mr. Erwin by letter dated May 28, 1983. We subsequently received a written response from him accepting this offer. ... A lump sum settlement was completed in the Circuit Court for Jefferson County on July 7,1983, in accordance with the disability rating received and the wage rate set by the Department of Industrial Relations.
“Thereafter, I received a telephone call from Mr. Raymond Miller of the Alabama Department of Industrial Relations on July 21, 1983. He advised me that there was an error in the wage rate, and instructed me to correct the error by paying temporary total and permanent partial benefits at the wage rate of $60.00 per week. This was done by letter dated August 2, 1983, paying an additional amount of $1,738.91 to Mr. Erwin.”
The attorney for the carrier stated in his affidavit that, regarding the settlement as approved by the court, he computed the benefits in accordance with Alabama’s workmen’s compensation law, that his computations and the carrier’s figure were identical, that he is absolutely certain (although he has no independent recollection of it) that he advised the employee that he did not have to accept the offered settlement, that the employee was free to consult with an attorney of his choice and that all portions of the proposed settlement, and the effect thereof, were fully explained by him to the employee.
The trial court rendered a judgment on May 31, 1984, that correctly determined that double aspects were involved in the latest litigation. The aspect asking that the court vacate the consent settlement ,was overruled. The other aspect concerned the employer’s claims for medical expenses, as to which factual disputes existed. The medical expense aspect was ordered set for trial in the regular order of business on a non-jury docket. The employee timely appealed. Helpful briefs have been filed by able counsel for both sides.
Much of the employee’s argument concerns his medical expense claim. That aspect was factually disputed, was at issue and was set for trial. The trial court, under those circumstances, could not have awarded the relief sought without a trial. We fail to comprehend in what manner the trial court acted erroneously regarding that matter. Accordingly, we will not comment further about it since it is still in litigation.
Rule 60(b)(6) allows a judgment to be set aside for any reason justifying relief; however, that provision operates exclusive of the specific grounds listed in Rule 60(b)(1) through (5), and a party may not escape the four-month time limit imposed upon Rules 60(b)(1), (2), and (3) just by characterizing his motion as a 60(b)(6) motion. Snowden v. United Steelworkers of America, 435 So.2d 62 (Ala.1983). Accordingly, since the employee’s application and motion were both filed more than four months after the judgment, the trial court could not relieve the employee from the judgment of July 7,1983 for mistake or for fraud, misrepresentation or other misconduct of the carrier under Rule 60(b)(1), (2), *931 or (3). However, the employee’s petition was filed within a reasonable time insofar as Rule 60(b)(6) is concerned.
Section 25-5-56 of the Code provides that workmen’s compensation settlements which have had the prior approval of the circuit court may be vacated for fraud, undue influence or coercion upon application made to the judge approving the settlement at any time not later than six months after the date of the settlement. Accordingly, the employee’s petition to vacate the settlement under that code section was timely filed.
Regardless of whether the trial court considered the application and motion of the employee to be grounded upon Rule 60(b)(6) or § 25-5-56, or both, the trial court had a discretion to exercise in the grant or refusal of the relief requested and its judgment will not be reversed on appeal except for an abuse of discretion. Douglass v. Capital City Church of the Nazarene, 443 So.2d 917 (Ala.1983); Webb v. Galloway, 442 So.2d 53 (Ala.1983). The same judge who rendered the July 7, 1983 judgment which approved the settlement also rendered the May 31, 1984 judgment. The trial court could have been of the opinion that the employee did not meet his burden of proof regarding any of the averred grounds of his application or motion. The trial court might not have been reasonably satisfied that the employee had been paid a total sum of money which was less than the amount which should have been paid under the statute. His primary argument in that respect was concerned with the average weekly wage and his proof pertaining thereto was largely contained in his affidavit. The trial court could have viewed his wage evidence as being conclu-sionary and inadequate to authorize the setting aside of the July 7, 1983 judgment and settlement. § 25-5-57(b), Code of Alabama 1975. The facts of record are not so extraordinary as to mandate a reversal of the learned trial court for not granting the relief prayed for under Rule 60(b)(6). In short, on the record before us, which we have summarized in detail, we cannot state that the trial court abused its discretion in overruling and denying that aspect of the litigation which sought to vacate the consent settlement which had been previously entered in this cause. The May 31, 1984 judgment of the circuit court in this case is hereby affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.