Petitioner (defendant) seeks a writ of mandamus to the trial court, directing it to set aside its order granting respondent's (plaintiff's) Rule 60 (b)(6), A.R.Civ.P., motion and reinstating plaintiff's case after it had been dismissed with prejudice.
Plaintiff filed this action against the defendant in Mobile Circuit Court on November 19, 1980. The case arose out of the May 16, 1980, collision between the defendant's automobile and plaintiff's motorcycle. Plaintiff's complaint contained allegations of negligence and claimed $250,000 in compensatory damages for the personal injuries he suffered as a result of the collision.
On March 11, 1981, the defendant served on plaintiff a set of interrogatories and a *Page 875 
request for production of documents. These discovery requests went unanswered for almost 15 months, and, on June 1, 1982, counsel for defendant wrote counsel for plaintiff asking that plaintiff file responses to these discovery requests within 14 days. Plaintiff failed to respond to this letter. Then, on June 18, 1982, defendant filed two discovery motions seeking orders compelling plaintiff to answer the interrogatories and respond to defendant's request for production of documents. Once again, defendant's counsel wrote plaintiff's counsel, on July 29, 1982, requesting that plaintiff respond immediately to the interrogatories and request for production of documents. Again, plaintiff failed to respond.
After a hearing on defendant's discovery motions, the court granted both motions on August 20, 1982, and gave plaintiff 10 days in which to answer defendant's interrogatories and to produce the documents requested, or suffer a dismissal. Plaintiff failed to comply with this order. On September 9, 1982, the trial court dismissed plaintiff's action with prejudice.
Plaintiff did not appeal the order of dismissal; however, some 19 months after the order of dismissal was entered, plaintiff obtained different counsel and filed a Rule 60 (b)(6) motion on April 26, 1984, which stated only the following:
 "Comes the Plaintiff in the above cause and moves the Court for an Order setting aside the Court's previous Order dismissing Plaintiff's cause of action in accordance with Rule 60 (b)(6), of the Alabama Rules of Civil Procedure."
In response to plaintiff's Rule 60 (b)(6) motion, defendant filed a motion in opposition, stating as grounds, among others, plaintiff's failure to allege and prove any of the grounds set out under Rule 60. Defendant further alleged:
 "Although Plaintiff has styled his motion a motion for relief under Rule 60 (b)(6), his motion in truth seeks relief on the grounds of mistake, inadvertence, or excusable neglect. As such, it is untimely in that it was not filed within four (4) months from the date of the order of which Plaintiff complains."
After a hearing on this motion, on May 18, 1984, of which no record was preserved, the trial court granted to plaintiff Rule 60 (b)(6) relief and reinstated his case. Because this order of the trial court is interlocutory, the defendant filed this petition for a writ of mandamus. Ex parte Hartford Ins. Co.,394 So.2d 933 (Ala. 1981). The only issue presented is whether the trial court clearly abused its discretion, thereby requiring this Court to issue the writ of mandamus and direct that the trial court's order reinstating this case be vacated.
Rule 60 (b) provides in pertinent part:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken. . . ."
In his petition, defendant contends that the plaintiff failed to allege in his motion any grounds justifying extraordinary relief under Rule 60 (b)(6), and that plaintiff failed to present any competent evidence at the hearing on the motion that would support his 60 (b)(6) motion for relief. Furthermore, defendant moves to strike an affidavit, filed by plaintiff simultaneously with his brief in opposition to issuance of the writ of mandamus, and argues that it should not be considered by this Court.
The affidavit in question was affixed to plaintiff's brief and labeled "Exhibit A." It consists of a statement by the plaintiff, dated July 25, 1984, which purports to substantiate grounds for plaintiff's motion for relief under Rule 60 (b)(6). Defendant maintains that neither this affidavit nor testimony to its effect was presented to the trial court at the hearing on the motion. *Page 876 
Plaintiff does not dispute this fact, and further fails to provide copies of any record of the hearing below which "would be essential to an understanding" of the basis upon which the trial court granted plaintiff's Rule 60 (b)(6) motion. Rule 21 (a), A.R.A.P. Apparently, plaintiff's counsel, at the hearing on the motion, explained to the trial court the reasons why no action had been taken by plaintiff for 19 months, without benefit of testimony or an affidavit by plaintiff or his former counsel substantiating the reasons given.
Without question, a movant must both allege and prove one of the grounds set forth in Rule 60 in order to be granted relief under that rule. Raine v. First Western Bank, 362 So.2d 846
(Ala. 1978). Moreover, because Rule 60 (b) relief is extraordinary relief, a movant has the burden of proving extraordinary circumstances and/or extreme hardship or injustice sufficient to entitle him to relief under Rule 60 (b)(6). Howell v. D.H. Holmes, Ltd., 420 So.2d 26 (Ala. 1982). And, while the decision of whether to grant or deny the motion is within the sound discretion of the trial judge, that discretion is not unbridled. Douglass v. Capital City Church ofthe Nazarene, 443 So.2d 917 (Ala. 1983); Textron, Inc. v.Whitfield, 380 So.2d 259 (Ala. 1979).
In determining whether the trial court abused its discretion, this court is bound by the record and cannot consider a statement or evidence in brief that was not before the trial court. Wilson v. Crosby Lumber Co., 386 So.2d 1173
(Ala.Civ.App. 1980); King v. Smith, 288 Ala. 215, 259 So.2d 244
(1972). On review by mandamus, we must look at only those facts before the trial court. See Ex parte Harrington Mfg. Co.,414 So.2d 74 (Ala. 1982).
 "In reviewing a ruling of a trial court on a Rule 60 (b)(6) motion, the trial court's decision will not be disturbed unless it is determined `that there is an absence of reasonable cause, that rights of others subsequently arising would be adversely affected, or that it is unjust.' Textron, Inc. v. Whitfield, [380 So.2d 259 (Ala. 1979)], quoting Nunn v. Stone, [356 So.2d 1212 (Ala.Civ.App. 1978)]." Ex parte Hartford Ins. Co., supra, at 936.
There is nothing in the record to support the grant of plaintiff's Rule 60 (b)(6) motion. There is no affidavit or testimony before us which was also before the trial court at the hearing on the motion. "Allegata non probata are worthless." Wilson v. Crosby Lumber Co., supra, at 1175.
Mandamus itself is an extraordinary remedy which should be granted only when there is a clear showing that the trial court abused its discretion and exercised it in an arbitrary or capricious manner. Ex parte Hartford Ins. Co., supra;McDowell-Purcell, Inc. v. Bass, 370 So.2d 942 (Ala. 1979). Absent any allegation and proof of the grounds justifying Rule 60 (b)(6) relief, the trial court could not have granted such relief without abusing its discretion. For that reason, the petition for writ of mandamus must be granted.
WRIT GRANTED.
TORBERT, C.J., and JONES, SHORES and EMBRY, JJ., concur.