The issue on appeal is whether the trial court erred in denying the Rule 60(b), Alabama Rules of Civil Procedure, motion of claimant to set aside a judgment entered upon agreement in settlement of a workmen's compensation claim. We find no error, and affirm.
Claimant, Porter, entered into an agreement with his employer, Mobile Pulley Machine Works, to settle his claim for workmen's compensation benefits arising from an injury to his back. The executed written agreement was presented by petitioner to the circuit court for approval and entry of judgment. After examination of claimant as to whether he understood the settlement agreement, judgment was entered finding the settlement to be fair and just and in compliance with the law. It was indicated that claimant had already received payment for thirty-one weeks of temporary total disability and had reached *Page 530 
maximum recovery with a permanent partial disability of five percent.
Two months after the judgment and payment to claimant of the benefits awarded, claimant filed his Rule 60(b) motion. The motion alleged that the settlement was agreed to by claimant without benefit of counsel; that he now believes his injury is greater than stated by his physician, as he continues to suffer pain; and that he mistakenly understood that he could not recover future benefits if his injury was greater than first determined.
The motion was sworn to by claimant but was not further supported by proof. There is nothing in the record as to the proceedings at the hearing on the motion. The record is bare but for the pleadings and judgment. It is clear from the record that the settlement was entered and approved by the court in strict accord with the provisions of section 25-5-56, Code 1975. That statute provides that settlements made thereunder may be vacated for fraud, undue influence, or coercion. None of those grounds were alleged in the petition. We therefore consider the motion under Rule 60(b), A.R.Civ.P. See, FabarcSteel Supply, Inc. v. Davis, 422 So.2d 797 (Ala.Civ.App. 1982).
In considering a 60(b) motion to set aside a judgment, the court has a wide discretion and must balance the need to remedy injustice against the need for finality of judgments.Howell v. D.H. Holmes, Ltd., 420 So.2d 26 (Ala. 1982); FabarcSteel Supply, Inc. v. Davis, supra. Rule 60(b) is an extraordinary remedy and is not to be used for the purpose of relieving a party from a free, calculated, and deliberate choice he has made. Snowden v. United Steelworkers,435 So.2d 62 (Ala. 1983). To obtain relief, at least one of the grounds in the rule must be alleged and proved. Frazier v. Malone,387 So.2d 145 (Ala. 1980).
Claimant appears to consolidate all of the matters complained of in his motion, i.e. lack of counsel, more serious injury than thought by his physician, and misunderstanding the effect of his agreement to settle, into one argument under ground 60(b)(6).
It first must be said that lack of counsel is not one of the grounds for setting aside an agreed judgment under Rule 60(b). Neither is counsel required for settlement of a claim under section 25-5-56. In Brown v. Murray Security Guard Co.,404 So.2d 79 (Ala.Civ.App. 1981), we suggested, in dicta, that there was no right to counsel in such cases and that adequate representation by counsel became a pertinent consideration only under certain unusual circumstances, such as instances in which the plaintiff was shown to be incompetent. See, Brown v. MurraySecurity Co., 404 So.2d at 81. There is no allegation in this case that claimant was not competent to understand and enter into a settlement of his claim as there was in Brown. There is no charge that claimant was misled as to the legal effect of his agreement. To the contrary, the agreement, in plain language, states that all claims arising from the injury, except those for medical expenses, are released. This language was repeated in the judgment along with the findings of the court that the settlement and release are fair and just and in the best interests of the claimant. With that judgment before him, claimant accepted some $4,000 additional compensation.
The judge who talked with the claimant, reviewed the agreement, and entered judgment thereon is the same judge who less than two months later reviewed the motion and refused to set aside the judgment. There is no record before us of what transpired at the hearing on the motion. From aught that appears, there was no evidence presented in support of the allegations of the motion. Those allegations, though sworn to, are mere opinions and conclusions of the claimant. This court does not find any abuse of the broad discretion of the trial court. Therefore, we must affirm the judgment. Erwin v. Harris,459 So.2d 928 (Ala.Civ.App. 1984).
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code *Page 531 
1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.