This is an appeal from (1) the denial of a Rule 60(b), Alabama Rules of Civil Procedure, motion for relief from a consent judgment and (2) the assessment of attorney fees pursuant to the Alabama Litigation Accountability Act (statute), Ala. Code (1975), § 12-19-270 et seq. (1986 Repl.Vol.).
Plaintiffs (Bromfields) and defendant-appellant McArdle entered into a settlement agreement concerning the existence and extent of a "road." After reviewing the terms of the agreement in open court, the circuit court entered a "judgment by agreement." Thereafter, McArdle filed a 60(b) motion for relief from the consent judgment, alleging inter alia (1) that the circuit court lacked jurisdiction, (2) that there was a failure of consideration, and (3) that the agreement was the result of coercion and duress. After a hearing McArdle's motion was denied.
In addition to denying McArdle's 60(b) motion, the trial court found that all of the grounds presented in the motion lacked substantial justification and thereby awarded attorney fees and costs pursuant to the statute.
McArdle appeals both the denial of her motion and the assessment of attorney fees and costs against her. We affirm.
 I
As concerns the 60(b) motion, the dispositive issue on appeal is whether the trial court abused its discretion in denying McArdle's motion.
In considering a 60(b) motion to set aside a judgment, the trial court has wide discretion and must balance the need to remedy injustice against the need for finality of judgments.Porter v. Mobile Pulley Machine Works, 507 So.2d 529
(Ala.Civ.App. 1987). Rule 60(b) is an extraordinary remedy and is not to be used for the purpose of relieving a party from a free, calculated, and deliberate choice he *Page 93 
has made. Porter, 507 So.2d 529. To obtain relief, at least one of the grounds in the rule must be alleged and proved. Porter,507 So.2d 529. Further, the grant or denial of a Rule 60(b) motion is subject to reversal only if the trial court abused its discretion. Ex parte Hartford Insurance Co., 394 So.2d 933
(Ala. 1981).
We pretermit a detailed statement of the facts as they pertain to this issue. We have carefully reviewed the record, and suffice it to say, the trial court did not abuse its discretion in denying McArdle's 60(b) motion. Clearly, the circuit court had jurisdiction in this instance to settle a dispute about the type, extent, and location of a "road."See Ala. Code (1975), §§ 6-6-222 and 12-11-31. Furthermore, as concerns McArdle's claims of coercion and lack of consideration, we find nothing in the record which would entitle McArdle to relief from the agreement which she negotiated and voluntarily entered into.
Therefore, as noted above, we find no abuse of discretion by the trial court in denying McArdle's 60(b) motion for relief from the consent judgment.
 II
The trial court also found McArdle's motion to be without justification and assessed attorney fees and costs against McArdle and her present attorneys pursuant to the provisions of the statute.
The Alabama Litigation Accountability Act is set out in Ala. Code (1975), § 12-19-270. That statute in part is as follows:
 "Except as otherwise provided in this article, in any civil action commenced or appealed in any court of record in this state, the court shall award, as part of its judgment and in addition to any other costs otherwise assessed, reasonable attorneys' fees and costs against any attorney or party, or both, who has brought a civil action, or asserted a claim therein, or interposed a defense, that a court determines to be without substantial justification, either in whole or part."
Ala. Code (1975), § 12-19-272(a).
McArdle contends on appeal that the above statute is unconstitutional on its face. We find this argument to be without merit.
This statute does nothing more than allow the courts of this state to maintain control over proceedings conducted before them. See Rule 1(b) of the Rules of Disciplinary Enforcement. It merely allows courts to assess reasonable attorney fees and costs against any attorney or party who has brought a civil action that the court in its discretion determines is without justification.
Further, we point out that Rule 38, Alabama Rules of Appellate Procedure, is analogous to the statute. Pursuant to Rule 38, appellate courts may assess "single or double costs," as well as "just damages" against an appellant who files a frivolous appeal. See McAnnally v. Levco, Inc., 456 So.2d 66
(Ala. 1984); Millican v. Cantrell, 378 So.2d 737 (Ala. 1979). Now in civil cases, pursuant to § 12-19-270, all the courts of record in this state may award attorney fees and costs when it is determined that an action is without substantial justification. We also note that similar statutes have been upheld in other jurisdictions. Whitten v. Progressive CasualtyInsurance Co., 410 So.2d 501 (Fla. 1982).
In view of the above, in this instance, we affirm the decision of the trial court finding that the statute is not constitutionally infirm.
McArdle next contends that, if the statute is constitutional, the trial court erred in assessing attorney fees in this instance. We disagree.
The trial court informed all the parties involved in the present case that sanctions were being considered and, thereafter, conducted a hearing on the matter. After hearing all the evidence presented, the trial court issued the following order:
 "As to the motion for sanctions, I find that all of the grounds presented in the Defendants' amended motion for relief from judgment lacked substantial justification. Ms. McArdle knew her lawyer had received the $750.00 settlement *Page 94 
check and told her Montgomery lawyers about that transaction. She called the trial court's attention to the alleged duress before it entered the consent judgment and suffered an adverse ruling on that issue in federal court. The remaining issues had either already been presented to the trial court or should have been. Apparently, Ms. McArdle's present counsel justify their course of action by claiming they needed to present a proper record on appeal. Further, they insist they are entitled to sanctions for the Plaintiffs' alleged misconduct.
 "I, therefore, order Perline McArdle to pay $250.00 toward the fees incurred by the Bromfields and $250.00 toward the fees incurred by Houston County. I further order her present counsel of record to pay jointly $500.00 toward the Bromfields' attorney's fees and $500.00 toward the legal fees incurred by Houston County. Ms. McArdle and her lawyers shall pay these amounts to the Register's office within 30 days. I deny their motion for sanctions."
After a careful review of the record, as well as the statute involved, we find no error by the trial court in awarding attorney fees and costs.
The statute is clear that, as a prerequisite to an award of attorney fees under 12-19-270, the court must find that the claim asserted is "without substantial justification." Further, in determining whether to assess attorney fees and costs, the court shall consider, but is not limited to, numerous factors which are set forth in the statute. Ala. Code (1975), §12-19-273. These factors in part are as follows:
 "(1) The extent to which any effort was made to determine the validity of any action, claim or defense before it was asserted;
 "(2) The extent of any effort made after the commencement of an action to reduce the number of claims being asserted or to dismiss claims that have been found not to be valid;
 "(3) The availability of facts to assist in determining the validity of an action, claim or defense;
 "(4) The relative financial position of the parties involved;
 "(5) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith or for improper purpose."
Additionally, the court must specifically set forth the reasons for such an award if in its discretion it determines such an award is appropriate.
We again pretermit a detailed summary of the facts. Suffice it to say that we have carefully reviewed the record and agree with the trial court that the same issues have been relitigated without substantial justification. McArdle voluntarily agreed to settle a dispute and then attempted to renege on the agreement by filing (1) a motion to set aside the agreement, (2) a lawsuit in the federal courts, and (3) the present 60(b) motion — all of which were dismissed. Further, in the final 60(b) motion McArdle made certain allegations concerning a settlement check which were without merit. The record is clear that such check was tendered and accepted by McArdle's prior attorney who was representing her at that time. Additionally, any issue of duress had already been before the trial court prior to McArdle's negotiations and consent agreement with the Bromfields. Furthermore, this claim had already suffered an adverse ruling in federal court.
In view of the above, it appears to this court that the trial court did not commit error when it determined that there was no effort on the part of McArdle's attorneys to determine the validity of certain claims presented in the 60(b) motions. Ala. Code (1975), § 12-19-273(1). Furthermore, after the initial commencement of this action, McArdle has made little effort to reduce the number of claims that have already been found not to be valid. Ala. Code (1975), § 12-19-273(2). In fact, it would appear that she has done everything possible to delay the finality of this case, thereby causing the unnecessary expenditure of time and money. Put another way, after McArdle voluntarily agreed to a settlement of all issues, she caused "unnecessary delay *Page 95 
or needless increase in the cost of litigation". Therefore, the trial court did not abuse its discretion in finding that the claims presented by McArdle were without substantial justification and an assessment of attorney fees and costs was appropriate against McArdle and her attorneys.
Partially, in an attempt to attain some finality to this litigation, all requests for attorney fees on appeal pursuant to § 12-19-270, as well as requests for damages pursuant to Rule 38, A.R.A.P., are, however, denied.
This case is due to be affirmed.
AFFIRMED.
INGRAM and ROBERTSON, JJ., concur.