SHORES, Justice.
Plaintiffs, Paul and Diana Carlisle, filed this suit on June 14, 1985, against Sun Building Company, Inc., Bhate Engineering Corporation, Inc., and GKN Hayward-Baker, Inc., alleging property damage caused by construction activity on property adjacent to theirs. Each defendant filed an answer denying liability. Thereafter, each defendant commenced various discovery proceedings, including the filing of interrogatories and requests for production.
The plaintiffs failed to respond to some or all of the discovery requests, and by May 1988 one or more of the defendants filed motions to compel, which were granted. After receiving no response from the plaintiffs, defendant Sun Building Company filed a motion to dismiss the claim against it. This motion was granted, and on May 11, 1988, the court dismissed the action for failure to prosecute as to Sun Building. The entire action was dismissed on May 17, 1988.
On May 27, 1988, the plaintiffs filed a motion to set aside the order of dismissal, under Rule 59(e), A.R.Civ.P. This motion was deemed denied on August 25, 1988, by operation of law. A.R.Civ.P. 59.1. No appeal was taken.
On November 2, 1988, the plaintiffs filed a motion under A.R.Civ.P. 60(b)(1), seeking to have the judgment of May 17, 1988, set aside. They alleged that mistake, inadvertence, surprise, or excusable neglect resulted in the dismissal of their complaint. After a hearing, this motion was overruled. Hence, this appeal.
Trial courts have wide discretion under A.R.Civ.P. 60(b), and appellate courts will not reverse the trial court’s grant or denial *1379 of relief under that rule except for abuse of that discretion. Smith v. Clark, 468 So.2d 138 (Ala.1985); Ex parte Baker, 459 So.2d 873 (Ala.1984). See also, Ex parte Dowling, 477 So.2d 400 (Ala.1985) (a strong presumption of correctness attaches to the trial court’s ruling on a motion made pursuant to Rule 60(b), A.R.Civ.P.). The record in this case does not indicate an abuse of discretion. The case was dismissed because the plaintiffs failed to comply with discovery orders after they had repeatedly been ordered to do so, and they offer no justifiable excuse.
Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ., concur.