PER CURIAM.
This is an appeal from the denial of a Rule 60(b), A.R.Civ.P., motion to set aside a judgment in favor of Kenneth H. Glover in the amount of $300,000. We affirm.
In order to make a determination in this case, a complete explanation of the facts is not necessary; however, a general overview of the facts is set forth below. Kenneth Glover, while in the employment of the City of Birmingham as a police officer, received injuries to his left hand while attempting to break up a fight. Although Glover was treated at the scene by paramedics, he later sought treatment from Dr. Susan McCollum at the Family Medical Services clinic. After receiving treatment from Dr. McCollum, Glover later returned to the Family Medical Services clinic, complaining of swelling and pain. After making several trips to see Dr. McCollum, Glover went to see Dr. Robert Oliver at Brook-wood Hospital, who operated on Glover’s hand four times.
Glover sued McCollum and Family Medical Services (FMS), alleging that Dr. McCollum had negligently diagnosed and treated his injuries. Dr. McCollum was dismissed from the complaint by the agreement of the parties, and, following a jury trial, a verdict was returned on October 6, 1989, in favor of Glover in the amount of $300,000. The trial court entered a judgment on that verdict. On November 2, 1989, FMS moved for a new trial, and that motion was denied. FMS did not appeal the judgment. On May 7, 1990, Glover, acting pro se, filed a Rule 60(b) motion to set aside the judgment and requested that the judge order a new trial. Following a hearing, that motion was denied, despite the fact that FMS had agreed to retry the case.
First, we point out that the ruling on a Rule 60(b) motion is within the discretion of the trial judge. See Porter v. Mobile Pulley & Machine Works, 507 So.2d 529, 530 (Ala.Civ.App.1987). In addition, a motion made pursuant to Rule 60(b)(1), (2), or (3), must be made within 4 months after the judgment is entered. See Rule 60(b). Glover did not file his motion until May 7, 1990, more than 4 months after the judgment, and his motion requested relief for the following reasons: newly discovered evidence; inadvertence; and neglect. These reasons fall within Rule 60(b)(1), (2), and (3). Thus, the trial judge did not err in denying the motion.
For the foregoing reasons, the judgment of the trial court is hereby affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.