The parties were divorced in April 1991. The judgment of divorce incorporated a written agreement between the parties. The agreement, among other things, gave the mother custody of the parties' minor children and provided that the father pay $328 per month in child support.
In June 1991 the father filed a petition for contempt, alleging that the mother had violated the visitation provision of the decree. A hearing was set for June 26, 1991. Prior to the hearing, the father filed a Rule 60(b), Alabama Rules of Civil Procedure, motion alleging that a mistake had been made in the calculation of child support. He requested that the mistake be corrected.
Following the hearing the trial court denied the petition for contempt. It found, however, that there had been "an apparent error in computation as to the amount of child support," and reduced the obligation to $259 per month. The mother filed a postjudgment motion, which was denied. She appeals.
The mother initially contends that the trial court erred in "modifying" the original order of child support. She insists that the "modification" was improper because the father failed to prove that a material change in circumstances had occurred since the previous order. Moore v. Moore, 575 So.2d 95
(Ala.Civ.App. 1990).
The father did not file a motion to modify the child support order. His request to reduce the child support was based on a Rule 60(b)(1) motion alleging that there had *Page 292 
been a mistake in the initial calculation of the amount of child support. It was not necessary, therefore, for the father to prove that a change in circumstances affecting the welfare of the children had occurred since the last decree.Moore.
The mother next contends that the trial court erred in finding that there had been an error in the computation of the amount of child support to be paid under Rule 32, Alabama Rules of Judicial Administration. She insists that the calculations and the resulting amount of child support initially agreed upon by the parties were proper under Rule 32. She asserts that in recalculating the support obligation the trial court used the incorrect figure depicting the father's gross income.
The record reflects that the father was not represented by counsel during the initial divorce proceedings. He was informed, however, that he could consult an attorney before signing the agreement. He testified at the Rule 60(b) hearing that he had agreed to pay child support in accordance with "the law." The calculations and the resulting amount of support agreed upon were based on the father's 1990 tax return.
The father's 60(b) motion is premised on the supposition that there was a miscalculation in the application of the child support guidelines. Specifically, he asserts that a "mutual mistake" occurred in the parties' calculation because the 1990 return did not accurately reflect his earnings at the time of the divorce.
Our review of the record does not support the father's contention or the resulting grant of the Rule 60(b) motion. There was no "mutual mistake" concerning the calculation of the support obligation. The parties agreed to use the 1990 return for calculation purposes. The father filed the return in April 1991. The divorce decree was entered in the same month. We find that the 1990 return substantially reflected the father's gross income at the time of the divorce.
A trial court has wide discretion in determining whether to grant relief pursuant to Rule 60(b), A.R.Civ.P., and its ruling will be affirmed unless there is an abuse of that discretion.Mashatt v. Mashatt, 469 So.2d 607 (Ala.Civ.App. 1984). Actions for child support, although guided by the mandatory application of Rule 32, A.R.J.A., remain subject to the sound discretion of the trial court and will be reversed only for an abuse of that discretion. Doyle v. Doyle, 579 So.2d 651
(Ala.Civ.App. 1991).
In order to obtain Rule 60(b) relief, the movant must allege and prove one of the grounds in the rule. Porter v. MobilePulley Mach. Works, 507 So.2d 529 (Ala.Civ.App. 1987). We find that the father failed to prove that a Rule 60(b)(1) mistake had been made in the calculation of child support. The father agreed to the original calculation and the resulting obligation. "Rule 60(b) is an extraordinary remedy and is not to be used for the purpose of relieving a party from a free, calculated, and deliberate choice he has made." Porter.
Furthermore, lack of counsel is not a ground under Rule 60(b) for setting aside an agreed judgment.
The trial court erred in granting the Rule 60(b) motion. The judgment of that court is reversed. The court shall enter an order in accordance with this opinion.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH DIRECTIONS.
All the Judges concur. *Page 293