THOMPSON, Judge.
Michael Scott Davis and Joyce Davis were divorced in June 1991. The mother was awarded custody of the parties’ minor son and daughter, and the father was ordered to pay child support.
In July 1998, the father petitioned to modify custody of the parties’ then 14-year-old son, who stated in an affidavit in support of the father’s petition that he wanted to live with the father. The father then filed a motion seeking reimbursement of child support that had been withheld from his income during a period when the son had resided with him. The mother counterclaimed, seeking reimbursement for amounts she had expended for medical treatment for the children.
On May 25, 1999, the trial court entered an order awarding custody of the son to the father, establishing the father’s child-support obligation for the daughter at $211 per month, and assessing a $1,266 child-support arrearage against the father. Neither party appealed from that judgment.
On July 26, 1999, after hiring new counsel, the father filed a motion styled as a “Rule 60(b) motion,” in which he sought *355 relief from the child-support provisions of the May 25,1999, judgment. After a hearing, the trial court denied the father’s motion.[1] The father appealed.
The father’s July 26, 1999, motion, purportedly made pursuant to Rule 60(b)(1), Ala. R. Civ. P., asks for relief from the trial court’s judgment on the basis of mistake. In that motion, the father alleged that the trial court’s calculation of child support was “in error.”
The father’s motion did not allege a valid Rule 60(b) ground for relief, and the father did not establish any basis for the requested relief. See Cornelius v. Green, 477 So.2d 1363 (Ala.1985). The dissent states that the relief requested by the father in his motion was available under Rule 60(b). However, a trial court’s erroneous ruling on the law is not the type of “mistake” contemplated by Rule 60(b)(1). City of Birmingham v. City of Fairfield, 396 So.2d 692, 695 (Ala.1981).
“ ‘If the court merely wrongly decides a point of law, that is not “inadvertence, surprise, or excusable neglect.” Moreover, these words, in the context of the rule, seem addressed to some special situations justifying extraordinary relief. Plaintiffs motion is based on the broad ground that the court made an erroneous ruling, not that the mistake was attributable to special circumstances ....
“ ‘A contrary view, that “mistake” means any type of judicial error, makes relief under the rule for error of law as extensive as that available under Rule 59(e), which permits motions to “alter or amend judgments.” Obviously, any such motion presupposes a mistake. Indeed, the argument advanced is that a broad construction of “mistake” beneficially extends the [30]-day limit for motions under Rule 59(e). Calling this a benefit loses sight of the complementary interest in speedy disposition and finality, clearly intended by Rule 59.’ ”
396 So.2d at 695 (quoting Silk v. Sandoval, 435 F.2d 1266, 1267-68 (1st Cir.), cert. denied, 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435 (1971)).
“The substance of a motion and not its style determines what kind of motion it is.” Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997). See also Post v. Duffy, 603 So.2d 1070 (Ala.Civ.App.1992). We conclude that the father’s July 26, 1999, motion requested relief pursuant to Rule 59(e). A motion made pursuant to Rule 59(e) must be filed within 30 days of the entry of the judgment. The father’s July 26, 1999, motion was filed more than 30 days after the May 25, 1999, judgment; therefore, that motion was untimely and did not toll the time for taking an appeal. The father’s notice of appeal was filed on October 25, 1999, well beyond 42 days from the entry of judgment on May 25, 1999. See Rule 4(a)(1), Ala. R.App. P. This court must dismiss an untimely appeal. Rule 2(a)(1), Ala. R.App. P.
The appellant’s request for an attorney fee is denied.
APPEAL DISMISSED.
MONROE and CRAWLEY, JJ., concur.
ROBERTSON, P.J., and YATES, J., dissent.

. Although it is unclear from the record whether a hearing was actually held, both parties concede in their briefs that a hearing took place.