THOMAS, Judge.
On March 14, 2013, Norma Phillips Mealing (“the wife”) filed a complaint seeking an uncontested divorce from Eugene Mealing, Jr. (“the husband”). The wife also filed her testimonial affidavit and a settlement agreement executed by her and the husband. On March 26, 2013, the husband filed an answer to the wife’s complaint and a waiver, in which he admitted the allegations set out in the divorce complaint, waived further service of filings related to the divorce action, and requested that the trial court adopt the settlement agreement. The husband also filed an acknowledgment of representa *722 tion, indicating that he understood that the wife’s attorney did not represent him but authorizing that attorney to prepare the husband’s answer and waiver. All the filed documents contained electronic signatures.
On May 7, 2013, the trial court entered a judgment of divorce incorporating the parties’ settlement agreement. On June 7, 2013, the husband filed what he styled as a motion to alter, amend, or vacate the divorce judgment. In that motion, the husband asserted that the wife’s attorney had advised him on issues including alimony, division of retirement benefits, child custody, and child support. The motion further complained that the wife’s attorney had “orchestrated” the parties’ settlement agreement so that it favored the wife by awarding her alimony, by awarding her a portion of his retirement benefits but awarding her all of her retirement benefits, by relieving her of the obligation to pay child support despite the fact that the husband was the primary custodian of the parties’ children, and by awarding each parent the right to claim one of the parties’ two children for income-tax purposes. He also alleged that he had told the wife’s attorney that he desired to withdraw his consent to the agreement and that she had told him it was too late to do so because the agreement had already been submitted to the court. The husband supported his motion with his affidavit testimony.
The trial court set the husband’s motion for a hearing to be held on July 8, 2013. After that hearing and on that same day, the trial court entered an order granting the husband’s motion without stating its reasoning. However, based on an August 9, 2013, order subsequently entered by the trial court, it is apparent that the trial court determined that the copy of the settlement agreement filed with the complaint was insufficient and could not support the divorce judgment because it contained electronic signatures of the husband and the wife. That ground was not advanced by the husband in his motion, and, based on statements by the husband’s counsel contained in the transcript of a hearing conducted on August 9, 2013, it was not advanced by the husband at the July 8, 2013, hearing on his motion.
The wife filed a motion seeking reconsideration of the trial court’s July 8, 2013, order granting the husband’s motion. She also filed with the trial court copies of all the divorce filings containing the handwritten signatures of the parties. In her motion, the wife first pointed out that the husband’s motion had indicated by its title that it sought relief pursuant to Rule 59(e), Ala. R. Civ. P. However, because the motion was filed more than 30 days after the entry of the judgment of divorce, the wife argued, the husband’s motion was untimely. See Rule 59(e) (requiring that motions seeking to alter, amend, or vacate a judgment be filed within 30 days of the entry of that judgment). The wife also argued that the filing of a copy of the settlement agreement containing electronic signatures did not void the agreement, and she specifically cited Rule 30(G), Ala. R. Jud. Admin.,[1] and Rule 11(a), Ala. R. Civ. P.,[2] as *723 authority providing that electronic signatures are acceptable signatures on court documents.
The husband filed a response in opposition to the wife’s motion seeking reconsideration of the July 8, 2013, order. The husband stated that his motion had been based on Rule 60, Ala. R. Civ. P., which he characterized as “givfing] a judge latitude to grant relief from a judgment after 30 days if the judge deems it necessary and proper.”[3] Further, the husband asserted that the judge had the power to grant relief from a void judgment at any time. He stated that the trial-court judge had “specifically stated that ‘she [had] signed the final judgment, but had she known that there was not a signed agreement by the parties in the file, she would not have done so.” Finally, the husband noted that the trial court had “stated that it was setting aside the judgment on its own, not on the allegations made by the [husband] in his pleadings.”
The trial court held a hearing on the wife’s motion on August 9, 2013. A transcript of that hearing is an exhibit to the wife’s petition. After the hearing and on that same day, the trial court entered an order denying the wife’s motion and explaining the basis for setting aside the May 7, 2013, divorce judgment. The trial court stated:
“That the [husband], upon seeking representation by adequate counsel, and notification to opposing counsel that he had obtained representation, did notify counsel for the [wife] before the Final Judgment of Divorce was entered by this Honorable Court that he did not wish to proceed with the agreement entered into as a self represented litigant because there were issues included in the Settlement Agreement filed March 14, 2013[,] that he did not agree with.
“This Court seeks an opportunity to render equitable judgment regarding the matter, and now that both parties are adequately represented, this Court feels that proceedings to render said equitable judgment can begin.
“An issue that seriously concerns this court is the use of electronic signatures in the original Settlement Agreement filed by [the wife’s] Counsel on March 14, 2013. [The wife’s] attorney of record used an electronic signature for both her *724 client and the opposing party, who was unrepresented by counsel at the time. [The wife’s] counsel cites Rule 30(G) of the Alabama Rules of Judicial Administration stating that an electronic signature is sufficient for any signature required on a motion, affidavit, or any other pleading. It is this Court’s interpretation that while Rule 30(G), [Ala. R. Jud. Admin.,] does state that the use of an electronic signature does serve as a sufficient signature, Rule 30(G) is referring to attorney’s signatures that are required by Rule 11[ (a) ] of the Alabama Rules of Civil Procedure, and when Rule 30(G), [Ala. R. Jud. Admin.,] is used to circumvent or defeat the purpose of an actual signature pursuant to Rule 11[ (a) ], [Ala. R. Civ. P.], it may be stricken by the Court as sham and false. It is this Court’s opinion that an electronic signature of a self-represented litigant could be attached to a document without the knowledge of such a document or the content therein or used in a coercive manner.
“Further, this Court takes issue with [the wife’s] counsel also using an electronic signature for the Notary Public. There was no way for this court to verify that the signatures on the original settlement Agreement filed on March 14, 2013[,] were authentic or were actually witnessed as the parties’ and the Notary Public’s signatures are all electronic signatures. Counsel for the [wife] has since remedied this by filing an amended Settlement Agreement that was actually signed by the parties on July 15,2013.[4]
“In addition to the issue of the Notary Public’s electronic signatures, the Court questions the decision for the [wife’s] attorney of record to notarize all of the above mentioned signatures including her client’s by using an electronic signature when all signatures provided on the original Settlement Agreement filed on March 14, 2013, were electronic.”
(Emphasis in original.)
The wife timely filed her petition for the writ of mandamus on August 19, 2013.[5] She argues that the trial court lacked jurisdiction to act on the husband’s motion because, she says, that motion was a Rule 59(e) motion filed more than 30 days after entry of the divorce judgment and because, she says, it was not, as the husband argued before the trial court at the August 9, 2013, hearing, a Rule 60(b) motion. She further argues that the fact that the settlement agreement filed with the trial court and incorporated into the divorce judgment contained electronic signatures does not void the divorce judgment.
*725 “ ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ ”
Ex parte K.N.L., 872 So.2d 868, 870 (Ala.Civ.App.2003) (quoting Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995)).
The trial court entered the divorce judgment on May 7, 2013. The husband filed his motion seeking to have the divorce judgment set aside on June 7, 2013 — 31 days after the entry of the judgment. Thus, the characterization of the husband’s motion is vitally important to the analysis of this petition.
The wife argues that the husband’s motion is a Rule 59 motion. The motion seeks to have the trial court set aside the divorce judgment because the husband had not sought independent legal counsel before signing the settlement agreement, because, the husband asserted, the wife’s attorney either had not advised him of his legal rights or had misrepresented his rights, and because the husband had since learned that certain aspects of the settlement agreement favored the wife; thus, the husband alleged in his motion that he had changed his mind about entering the settlement agreement. The wife argues that the motion does not allege any Rule 60(b) ground for relief from the May 7, 2013, divorce judgment.
By now, it is well settled that ‘“[t]he substance of a motion and not its style determines what kind of motion it is.’” Davis v. Davis, 767 So.2d 354, 355 (Ala.Civ.App.2000) (quoting Evans v. Waddell, 689 So.2d 23, 26 (Ala.1997)). In order to be a Rule 60(b) motion, a motion must allege a ground set out in that rule for setting aside a judgment. Porter v. Mobile Pulley & Mach. Works, 507 So.2d 529, 530 (Ala.Civ.App.1987). Rule 60(b) authorizes a trial court to provide relief from a judgment
“for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.”
The husband’s motion alleged that he had changed his mind about entering into the settlement agreement.[6] However, the motion also alleged that the wife’s attorney misrepresented certain legal points to the husband, resulting in his entering into a settlement agreement he now contends is unfair to him. Thus, generously construed, the motion at least alleges the Rule 60(b)(3) ground of “fraud ..., misrepresentation, or other misconduct of an adverse party.”
However, the trial court did not set aside the divorce judgment based on the *726 husband’s argument that the wife’s attorney misrepresented the law to him. Instead, the trial court decided that the fact that the settlement agreement that was filed with the court contained electronic signatures somehow negated its validity. Despite the speculation by the trial court about the potential for misuse of electronic signatures and electronic notarizations, the husband never disputed that he had signed the settlement agreement; in fact, in his affidavit he stated: “I met with my wife’s attorney on several occasions prior to signing a formal agreement.” Furthermore, the settlement agreement stated that “[t]he parties hereto acknowledge and agree that this instrument may be filed with the Court electronically with the original held by the [wife’s] attorney.” As noted above, in an attempt to allay the court’s concerns, the wife filed copies of the original settlement agreement and other filings containing the parties’ handwritten signatures with the trial court in support of her motion seeking reconsideration of the trial court’s July 8, 2013, order.
 Although a trial court’s ruling on a Rule 60(b) motion is reviewed under an abuse-of-discretion standard, see Dow-United Tech. Composite Prods., Inc. v. Webster, 701 So.2d 22, 24 (Ala.Civ.App.1997), the trial court does not have unbridled discretion to set aside a judgment under Rule 60(b). Ex parte A & B Transp., Inc., 8 So.3d 924, 932 (Ala.2007) (quoting Ex parte Baker, 459 So.2d 873, 876 (Ala.1984)) (“‘[W]hile the decision of whether to grant or deny the motion is within the sound discretion of the trial judge, that discretion is not unbridled.’ ”). ‘“Without question, a movant must both allege and prove one of the grounds set forth in Rule 60 in order to be granted relief under that rule.’ ” Ex parte A & B Transp., 8 So.3d at 932 (quoting Ex parte Baker, 459 So.2d at 876). The trial court was not convinced by the husband’s argument that misrepresentations by the wife’s attorney required that the divorce judgment be set aside, and it did not grant relief from the May 7, 2013, divorce judgment on that basis.
Instead, the trial court relied on an alternate basis for setting aside the divorce judgment to give the husband his “day in court.” The trial court stated that it “seeks an opportunity to render equitable judgment regarding the matter, and now that both parties are adequately represented, this Court feels that proceedings to render said equitable judgment can begin.” Thus, the trial court appears to have been motivated, at least in part, to relieve the husband from the May 7, 2013, divorce judgment because the husband had not been represented by counsel at the time he entered into the settlement agreement.
Rule 60(b) is not designed to relieve a party from the deliberate choices he or she has made. Porter, 507 So.2d at 530. “It first must be said that lack of counsel is not one of the grounds for setting aside an agreed judgment under Rule 60(b).” Id. The husband chose to enter into a settlement agreement without benefit of his own legal counsel. See id. The husband entered into the settlement agreement willingly. See Belcourt v. Belcourt, 911 So.2d 735, 737 (Ala.Civ.App.2005) (quoting Grantham v. Grantham, 656 So.2d 900, 901 (Ala.Civ.App.1995), quoting in turn Brocato v. Brocato, 332 So.2d 722, 724 (Ala.1976)) (determining that a husband who had read a settlement agreement, who had had the opportunity to obtain separate counsel but did not, and who had signed the settlement agreement voluntarily was not entitled to have the settlement agreement set aside and relying on the principle that “[a]n agreement incorporated into a judgment of divorce is generally binding and will be set aside only *727 for ‘ “fraud, collusion, accident, surprise or some other ground of this nature” ’ ”); Smith v. Smith, 568 So.2d 838, 889 (Ala.Civ.App.1990) (stating that, “in the absence of fraud, collusion, or accident, a settlement incorporated into a divorce [judgment] is binding and cannot be set aside pursuant to Rule 60(b)”). The husband’s belated decision to seek legal advice to protect his own interests cannot serve as a basis for setting aside a voluntary settlement agreement under Rule 60(b); otherwise, every party who has second thoughts about a negotiated agreement could have the judgment entered on that agreement set aside under Rule 60(b). This court has consistently required that a litigant, even one proceeding pro se, take steps to protect his or her own legal interests. See State ex rel. Croson v. Croson, 724 So.2d 36, 38 (Ala.Civ.App.1998) (quoting McDaniel v. McDaniel, 694 So.2d 34, 36 (Ala.Civ.App.1997)) (stating, in a case involving a Rule 60(b) motion seeking to have set aside a party’s voluntary dismissal of a modification petition, “[t]he father is now attempting to use Rule 60(b) to avoid the effect of his own decision to dismiss his petition. ‘A party remains under a duty to take the legal steps necessary to protect [his] own interests.’ ”). Thus, we cannot conclude that the husband’s earlier pro se status provided the trial court with an adequate Rule 60(b) ground for setting aside the May 7, 2013, judgment.
Moreover, we cannot conclude that the trial court properly determined that the settlement agreement was void or of no effect merely because it contained electronic signatures. The “concerns” about electronic signatures the trial court mentions in its order are speculative concerns. The husband made no allegation that he did not sign the agreement or that he did not authorize the use of his electronic signature. He admitted that he signed the agreement, and the settlement agreement authorizes the electronic filing of the document.
Rule 30(G) and Rule 11(a) both indicate that electronic signatures are acceptable in court documents. Rule 11(a) states that “an electronic signature is a ‘signature’ under these Rules.” Although the trial court somehow construed Rule 11(a) as applying only to signatures of an attorney, we cannot reach the same conclusion. Rule 11(a) requires pro se litigants to sign pleadings and motions, and the sentence in that rule indicating that an electronic signature will fulfill the signature requirement does not contain any words of limitation restricting the use of electronic signatures to attorneys. Although we agree with the trial court that the use of an electronic signature “with intent to defeat the purpose of this rule” would subject the pleading or motion so signed to being stricken as “sham or false,” Rule 11(a), the trial court never found, and, based on the information provided with the petition, could not have found, that the electronic signatures affixed to the settlement agreement were intended to defeat the purpose of Rule 11(a). We reiterate that the husband admitted signing the settlement agreement, and he makes no allegation that the electronic signature or the settlement agreement is a sham or false in any respect. Thus, we find no basis for the trial court’s determination that the settlement agreement was a sham, false, or void.
Although, for the very reasons mentioned by the trial court, filing documents containing electronic signatures is perhaps not the wisest choice in situations in which the original documents containing handwritten signatures are available, we cannot conclude that the use of electronic signatures vitiates the agreement in the present case and makes the divorce judgment void. The parties negotiated the *728 settlement agreement, the husband admittedly signed the settlement agreement, and then the husband belatedly sought legal advice about the settlement agreement, which resulted in his desire to withdraw his consent to the settlement agreement. To allow the husband to be relieved of his deliberate choice not to seek legal counsel before entering into the settlement agreement runs counter to well settled legal principles governing Rule 60(b) relief. Accordingly, we grant the wife’s petition and instruct the trial court to vacate its July 8, 2013, order setting aside the May 7, 2013, divorce judgment entered on the parties’ settlement agreement.
PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. Rule 30(G) provides, in pertinent part:
"The requirement that any court record or document be signed is met by use of an electronic signature. An electronic signature is considered to be the original signature upon the court record or document for all purposes under these Rules and other applicable statutes or rules. Electronic signatures shall either: (1) show an image of such signature as it appears on the original document or appended as an image file or (2) bear the name of the signatory preceded by an 7s/’ typed in the space where the signature would otherwise appear, as follows: /s/ Jane Doe.”

. Rule 11(a) reads, in its entirety, as follows:
*723 "Every pleading, motion, or other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney’s individual name, whose address shall be stated. A party who is not represented by an attorney shall sign the pleading, motion, or other paper, and state the party’s address. Except when otherwise specifically provided by rule or statute, pleadings, motions, or other papers need not be verified or accompanied by affidavit. The rule in equity that the aver-ments of an answer under oath must be overcome by the testimony of two witnesses or of one witness sustained by corroborating circumstances is abolished. The signature of an attorney constitutes a certificate by the attorney that the attorney has read the pleading, motion, or other paper; that to the best of the attorney’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. As provided in Rule 30(G) of the Alabama Rules of Judicial Administration, an electronic signature is a 'signature' under these Rules. If a pleading, motion, or other paper is not signed or is signed with intent to defeat the purpose of this rule, it may be stricken as sham and false and the action may proceed as though the pleading, motion, or other paper had not been served. For a willful violation of this rule an attorney may be subjected to appropriate disciplinary action. Similar action may be taken if scandalous or indecent matter is inserted.”

. As explained in the text, infra, a trial court’s discretion under Rule 60(b) is not nearly so unbridled. See Ex parte Baker, 459 So.2d 873, 876 (Ala.1984).

. The trial court concluded that the documents containing the handwritten signatures were not signed until the date they were filed in court on July 15, 2013. Although the settlement agreement is not dated, the husband does not assert that the copy containing the handwritten signatures is not a copy of the settlement agreement he admittedly executed before it was filed electronically in March 2013. As explained in the text, infra, because the husband admits he signed the settlement agreement and because the settlement agreement provides that the original copy of the settlement agreement would be retained by the wife’s counsel, we cannot discern a basis for the trial court’s conclusion that the handwritten signatures were affixed on the settlement agreement after its execution and filing in March 2013.

. The wife filed her petition with our supreme court, which transferred the petition to this court because it falls within our original jurisdiction. See Ala.Code 1975, § 12-3-10 (explaining that this court has jurisdiction over, among other things, appeals in domestic-relations cases and for extraordinary writs arising from domestic-relations cases).

. To the extent the husband's allegations could be construed as alleging that he had been mistaken about his legal obligations and rights, we note that a mistake of law is not a basis for setting aside a judgment under Rule 60(b). See Dow-United Tech. Composite Prods., Inc. v. Webster, 701 So.2d 22, 24 (Ala.Civ.App.1997).