The issue presented is whether Rule 60 (b)(6), Ala.R.Civ.P., can be used to set aside an order because the circuit clerk failed to send notice of the entry of the order as required by Rule 77, Ala.R.Civ.P.
The relevant facts are:
This case was tried before a jury and, following an unfavorable verdict, Bessie Snowden, plaintiff-appellant, timely filed a motion for a new trial, which was argued before Judge Wilson Hayes on December 29, 1981. Although Judge Hayes did not announce a decision on the motion at the hearing, he denied the motion on the same day, and made a handwritten notation on the docket sheet to this effect. Counsel for the appellant, however, did not receive notice of the entry of Judge Hayes's order. In fact, there is no notation on the docket sheet that notice was mailed to either party.
On March 17, 1982, the appellant filed notice of an appeal to this Court. In mid-May 1982, the appellant's counsel was notified by the clerk of the Alabama Supreme Court that the appeal was untimely because the order denying appellant's motion for new trial had been entered on December 29, 1981.
On June 4, 1982, the appellant filed a motion pursuant to Rule 60 (b)(6), Ala.R.Civ.P., *Page 63 
and sought to vacate the order entered on December 29, 1981; she requested 42 days from the date of the new order to appeal the underlying judgment. The motion was overruled and denied. This appeal followed.
Counsel for the appellant states that based upon the "reasonable belief" that no decision on the motion for new trial had been rendered within the time specified in Rule 59.1, Ala.R.Civ.P., he treated the motion as having been denied upon the expiration of ninety days and, accordingly, filed a notice of appeal on March 17, 1982. Appellant's counsel maintains that at no time prior to the May notification by the clerk of the Alabama Supreme Court did he have knowledge that Judge Hayes had ruled upon the motion for new trial. In fact, the appellant's counsel claims that during the trial of a subsequent but related case, the motion for new trial in the instant case was discussed by counsel for the appellant and Judge Hayes in the presence of counsel for the appellee because both cases contained identical evidentiary issues. While counsel for the appellant states that Judge Hayes made no suggestion during this discussion that a decision had been rendered on the appellant's motion for new trial, trial counsel for the appellee refutes, by affidavit, that such a discussion ever took place in his presence.
The only issue on an appeal from the denial of a 60 (b) motion is whether the trial court abused its discretion in denying the motion. City of Daphne v. Caffey, 410 So.2d 8, 10
(Ala. 1981); See Maddox v. Druid City Hospital Board,357 So.2d 974 (Ala. 1978).
The timely filing of notice of appeal is a jurisdictional act. Thompson v. Keith, 365 So.2d 971, 972 (Ala. 1978); Holmesv. Powell, 363 So.2d 760, 761 (Ala. 1978). See Committee Comments to Rule 3, Ala.R.App.P. The fact that a circuit clerk fails to serve notice of entry of an order or judgment of the court ". . . does not affect the time to appeal . . . exceptthat upon a showing of excusable neglect based on a failure ofthe party to learn of the entry . . . the circuit court . . . may extend the time for appeal not exceeding 30 days. . . ." (Emphasis added.) Rule 77 (d), Ala.R.Civ.P.; See Welch v.G.F.C. Credit Corp, 336 So.2d 1346 (Ala.Civ.App. 1976).
Rule 77 (d) clearly states that failure of the clerk to serve notice of the entry of an order "does not affect the time to appeal," and the relief a trial court can give for "excusable neglect" is to extend the time for appeal "not exceeding 30 days * * *." While counsel may have thought the judge had not ruled on the motion for new trial, and while he may have thought that his conversation with Judge Hayes, the details of which were disputed, justified his believing the judge had not ruled, these facts do not show that the trial judge abused his discretion in refusing to grant relief under Rule 60 (b)(6).See Hensley v. Chesapeake Ohio Ry. Co., 651 F.2d 226, 230
(4th Cir. 1981). In City of Daphne v. Caffee, supra, the Court stated:
 "Rule 60 (b)(6) is an extreme remedy to be used only under extraordinary circumstances. Gallups v. United States Steel Corp., Ala.Civ.App., 353 So.2d 1169 (1978), and is not for the purpose of relieving a party from free, calculated, and deliberate choices he has made. A party remains under a duty to take legal steps to protect his own interests. In particular, it ordinarily is not permissible to use this motion to remedy a failure to take an appeal. [Wright and Miller, Federal Practice and Procedure, § 2864 at 214-15.]"
410 So.2d at 10. See also Tichansky v. Tichansky, 564 Ala. App. 209, 307 So.2d 20 (1974) (a 60 (b)(6) motion is not available to relieve a party from a failure to exercise the right of appeal).
Another reason why the judgment is due to be affirmed is that relief under 60 (b)(1) is available to a party from a final judgment or order only for a mistake, inadvertence, surprise or excusable neglect and a motion for such relief must be made not more than four months after the judgment or order. Failure to receive notice of the order would have been a proper ground *Page 64 
under 60 (b)(1). In the instant case it is clear that regardless of the date which the Court deemed controlling with regard to the denial of the motion for new trial, the 60 (b)(1) motion was filed well beyond the four-month limitation; therefore, appellant's right to relief, if any, must be grounded under Rule 60 (b)(6).
As to the relief provided by 60 (b), a 60 (b)(6) motion allows a judgment to be set aside for any reason justifying relief. This provision, however, operates exclusive of the specific grounds listed in Rule 60 (b)(1) through (5), and a party may not escape the time limits of Rule 60 (b)(1), (2), and (3) merely by characterizing his motion as a 60 (b)(6) motion. Alabama Farm Bureau Mut. Casualty Ins. Co. v. Boswell,430 So.2d 426 (Ala. 1983); See Ex parte Hartford Ins. Co.,394 So.2d 933 (Ala. 1981).
Because the appellant is not entitled to relief under Rule 60 (b)(6), we find that the trial court did not abuse its discretion in refusing to grant the appellant's 60 (b)(6) motion; therefore, the judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.