BRADLEY, Judge.
This is an appeal from the denial of a motion for relief from judgment. Rule 60(b)(1), (2), (3) and (6), Alabama Rules of Civil Procedure.
On April 18,1984 Willie Jewel Jones filed a complaint seeking a divorce from her husband, Sam Eugene Jones. On July 13, 1984 the clerk of the court entered a default, and on July 16, 1984 the trial court entered a final decree of divorce. On August 16, 1984 the parties jointly filed a motion asking the court to set aside the divorce decree. Then, on October 10, 1984, the wife asked the court to allow her to withdraw her request to set aside the divorce decree. Thereafter, the husband was ordered by the court to vacate the marital home.
On November 28, 1984 the husband filed a motion for relief from the default judgment rendered on July 16, 1984. In his motion husband averred that he should be excused from his neglect to file responsive pleadings because of the wife’s misrepresentations to him of the status of their relationship. He says that even though his wife had filed a complaint asking for a divorce she led him to believe that she would not pursue the divorce action and that there was a chance for a reconciliation. After the divorce was granted his wife joined in a motion asking the court to hold the divorce decree null and void. However, the wife subsequently withdrew her request that the court nullify the divorce decree.
After a hearing on the motion, the court denied the requested relief. The husband appealed from this judgment on February 21, 1985.
The husband argues here that the trial court abused its discretion in refusing to set aside the default judgment and that its erroneous judgment should be set aside.
The granting or denying of relief pursuant to rule 60(b), A.R.Civ.P., is a matter largely within the discretion of the trial court, and its decision to grant or deny such relief will not be reversed on appeal unless it plainly appears that the court abused its discretion. Boles v. Hooper & McDonald, Inc., 424 So.2d 634 (Ala.Civ.App.1982).
The evidence clearly shows that the wife read the copy of the divorce complaint to the husband; also the husband’s daughter read him the complaint. The evidence also shows that the husband consulted two lawyers about the case, and yet the husband made no effort to contest the divorce action.
*1283 Husband’s explanation for his failure to act was that he did not want the divorce and believed that he and his wife could be reconciled.
There is ample evidence in the record to support a finding that the husband was well aware of the divorce proceedings and knew that these proceedings could result in a divorce. Yet for seven months he made no effort to respond to the complaint made by the wife, and only after he was evicted from the marital home by court order did he seek to have the divorce decree set aside.
It clearly appears from the record that the husband was fully aware of the divorce proceedings and knew what the result could be in this case, yet he took no action to defend himself. A rule 60(b) motion is not a vehicle for one to use to be relieved of free, calculated, and deliberate choices he has made. A party remains dutybound to take the necessary legal steps to protect his own interests. Snowden v. United Steel Workers, 435 So.2d 62 (Ala.1983).
The husband freely and deliberately chose not to defend against the divorce action filed by his wife, and he cannot now be relieved of the consequences of that action. The trial court, therefore, did not abuse its discretion in refusing to grant the rule 60(b) relief requested by the husband. Its judgment is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.