THIGPEN, Judge.
This is a workmen’s compensation case.
Willie Frank Long filed a complaint seeking workmen’s compensation benefits from Jim Walter Resources, Inc. (Jim Walter), in April 1989 as a result of an alleged on-the-job injury. The case was called for trial in May 1991, at which time the parties, through counsel, announced to the court that the case had been settled. A settlement colloquy was conducted, and in June 1991, a judgment was entered and satisfied in a lump sum amount of $25,183.84, with Jim Walter being responsible for past and future medical expenses related to the injury. In November 1991, Long, pro se, filed a “Motion for New Trial,” alleging some species of fraud on the part of his attorney and/or Jim Walter, in allegedly failing to inform or withholding from the court, the reports of two other doctors regarding his injury or the extent of his disability. Long sought to have the judgment set aside and have the case reopened for a new trial. Clearly, Long’s “Motion for New Trial” is beyond the permissible timeframe. Rule 59, A.R.Civ.P. In an affidavit supporting his motion, Long asserts “fraud was used” to withhold evidence from the trial court. The basic thrust of Long’s argument, however, is that his own attorney “suppressed” or “withheld” the evidence from the court. Emphasis on the allegations of fraud characterizes Long’s motion as one pursuant to either Rule 60(b), A.R.Civ.P., or Ala.Code *1038 1975, § 25-5-56. Rule 60(b) provides as follows:
“On motion and updn such terms as are just, the court may- relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial on Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.... The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than four months after the judgment, order, or proceeding was entered or taken.”
Rule 60(b), A.R.Civ.P.
Long’s motion filed on November 5, 1991, was more than four months after the judgment of June 21, 1991. Regardless of which category above that Long is attempting to proceed under, he “may not escape the time limits of Rule 60(b)(1), (2), and (3)” merely by recharacterizing his motion. Snowden v. United Steelworkers of America, AFL-CIO, 435 So.2d 62, 64 (Ala.1983), overruled on other grounds, Corretti v. Pete Wilson Roofing Co., 507 So.2d 408, 409 (Ala.1987). Having fallen beyond the time limits allowed by the rule, there exists a sufficient basis for the trial court’s refusal to set aside the June 21, 1991, judgment. Snowden, supra.
Next we consider Long’s motion if grounded upon Ala.Code 1975, § 25-5-56, which provides:
“Any settlements hereunder may be vacated for fraud, undue influence or coercion, upon application made to the judge approving the settlement at any time not later than six months after the date of the settlement.”
Although Long’s motion is grounded on the alleged withholding of medical evidence concerning his back injury, the record contains no support for this contention. During the settlement colloquy, Long was placed under oath, and the court questioned him as follows:
“The Court: Mr. Long ... I understand there have been two doctors, Dr. Feathe-ringill, I believe it was, who treated you as a result of this alleged injury ... and Dr. Featheringill thought that you were not disabled. He said you could go back to work in January of 1988, I believe; is that correct?
“The Witness: Yes, sir.
“The Court: And then, your family physician, Dr. Ford, who is not an orthopedic surgeon, said that you are disabled; Is that correct?
“The Witness: Yes, sir.”
Certainly if there was other medical evidence reflecting Long’s condition or disability, he did not indicate such when questioned by the court. Further in the colloquy, the court again questioned Long as follows:
“The Court: Okay. And do you understand that there is a dispute between the doctors as to what your disability is, one saying one hundred percent and one saying zero percent?
“The Witness: Yes, sir.”
If there was other medical evidence to the contrary, Long had the obligation to so inform the court. The trial judge painstakingly explained to Long that once he accepted the settlement, he would not receive any more weekly benefits, vocational rehabilitation, or anything else, other than future medicals. The court clearly and specifically questioned Long regarding whether he understood the settlement terms and its finality. Long replied that he did. After carefully explaining the attorney’s fee to which Long’s attorney was entitled, the court then questioned Long as follows:
“The Court: Are you satisfied with the services that he has given you?
“The Witness: Yes, sir.”
Long’s motion and brief contain references to other doctors’s reports and examinations that are not a part of the record, and appear to be merely cumulative. Appellate review is limited to the record and we will not consider statements in Long’s brief which are not supported by the record. *1039 Hardy v. State ex rel. Chambers, 559 So.2d 63 (Ala.Civ.App.1990).
Lastly, the main thrust of Long’s appeal is his claim that his own attorney committed fraud. In the absence of some participation in the fraud by Jim Walter or its representative, § 25-5-56, may not be used as a basis to invalidate a workmen’s compensation settlement. Any claim against his own attorney is outside the scope of this statute.
Based upon the foregoing, there is no legal or factual basis for Long’s “Motion for New Trial,” and therefore, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.