SAM A. BEATTY, Retired Justice.
Odie T. Farley was injured in 1988 during the course of his employment with Dunlop Tire Corporation (“Dunlop”). After Farley filed a complaint seeking workmen’s compensation benefits, the parties agreed to settle the case. Pursuant to the parties’ settlement agreement, the trial court entered a final judgment in January 1990, which stated as follows:
“The total sum of $40,000.00 to the Plaintiff and $22,500.00 to the Honorable J. Zach Higgs, Jr., and the annuity as above described [$500 per month for life with a 20-year guarantee] being the amounts agreed upon by the parties hereto and approved and assessed by the Comí herein and upon the payment of said sum, the Plaintiff shall be entitled to no further benefits for compensation under the Workmen’s Compensation Laws of the State of Alabama from the Defendant arising out of the alleged accident and injury and disability made the basis of this cause, except for future medical expenses and physical rehabilitation that the Defendant may be re *604 quired under the terms and provisions of § 25-5-77, Code of Alabama, as amended for which Defendant may be hable.”
Approximately one year later, Farley filed a document entitled “motion for rehabilitation,” which requested vocational rehabilitation pursuant to § 25-5-77(e), Ala.Code 1975. After a hearing, the trial court granted Farley’s motion and ordered Dunlop to bear the costs of vocational rehabilitation for Farley. This appeal followed.
The sole issue on appeal is whether Farley is entitled to vocational rehabilitation subsequent to the parties’ settlement of the case. A trial court’s legal conclusion in a workmen’s compensation ease is not entitled to a presumption of correctness. Ex parte Eastwood Foods, Inc., 575 So.2d 91, 93 (Ala.1991).
Dunlop contends that with the exception of future medical expenses, it was released from all liability to Farley for farther workmen’s compensation benefits by virtue of the settlement agreement between the parties, which was approved by counsel for both parties and reduced to writing by the trial court in its judgment entry. Farley first claims that Dunlop did not raise the issue of settlement before the trial court. Upon reviewing the record, however, we find that at the hearing on Farley’s motion, counsel for Dunlop made an argument based on the settlement agreement. Farley next argues that the parties’ settlement referred only to compensation, and that Dunlop remains liable for all benefits discussed in all subsections of § 25-5-77, including the vocational rehabilitation benefits in subsection (e).
It is clear to this court that the plain language of the trial court’s judgment entry forecloses Farley from obtaining vocational rehabilitation benefits now. After Farley accepted the settlement offered to him by Dun-lop, he was entitled to “no further benefits” from the company except for the payment of future medical expenses. The fact that Dun-lop agreed to provide future necessary medical care to Farley pursuant to subsection (a) of § 25-5-77 did not obligate it to provide the other benefits found elsewhere in § 25-5-77, which Farley agreed to relinquish upon settlement of the ease. See Sanders v. Southern Risk Services, 603 So.2d 994, 995 (Ala.1992) (because settlement amount received by employee was compensation for future rehabilitation expenses, he was not entitled to further expenses in that regard); Long v. Jim Walter Resources, Inc., 601 So.2d 1037, 1038 (Ala.Civ.App.1992) (trial court explained to plaintiff that once he accepted settlement, he would not receive additional weekly benefits, vocational rehabilitation, or anything else, except for future medical expenses). Accordingly, the judgment of the trial court is reversed and the cause is remanded for entry of an order denying Farley’s motion for rehabilitation.
The foregoing opinion was prepared by SAM A. BEATTY, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the judges concur.