Kenneth Green sued his employer, Wal-Mart Stores, Inc., seeking workers' compensation benefits arising out of a 1991 on-the-job injury. The parties entered into a settlement agreement; Green was represented by counsel in negotiating the settlement agreement. On December 15, 1995, the trial court entered a judgment approving the terms of the parties' settlement agreement.
On February 23, 1996, Green filed a motion pursuant to the provisions of § 25-5-57(a)(3)(i), Ala. Code 1975, seeking a reconsideration of his claim for workers' compensation benefits. In the alternative, *Page 413 
Green sought relief from the December 15, 1995, judgment, pursuant to Rule 60(b)(1) or (6), Ala.R.Civ.P. On February 3, 1997, the trial court entered an order granting Green's Rule 60(b) motion and setting aside the December 15, 1995, judgment.
The parties conducted additional discovery. After receiving additional testimony, the trial court, on March 1, 1999, entered a judgment finding Green permanently and totally disabled and awarding benefits accordingly. Wal-Mart appealed, arguing that the trial court erred in granting Green's Rule 60(b) motion and in setting aside the December 15, 1995, judgment.
Initially, we note that § 25-5-56, Ala. Code 1975, provides that a workers' compensation settlement may be set aside, within six months of the date of settlement, for "fraud, undue influence, or coercion." However, that section does not prevent a party from seeking relief pursuant to Rule 60(b), Ala.R.Civ.P., on any grounds other than fraud, undue influence, or coercion. Long v.Jim Walter Resources, Inc., 601 So.2d 1037 (Ala.Civ.App. 1992).
In his Rule 60(b) motion, Green asked that the trial court's judgment be set aside on the grounds of "mistake, inadvertence, or excusable neglect, or for any other good reason justifying relief from the operation of [the] judgment." Thus, Green's motion was made pursuant to Rule 60(b)(1) and (6), Ala.R.Civ.P. Whether to grant a Rule 60(b) motion is within the sound discretion of the trial court, and the trial court's ruling in that regard will not be reversed on appeal absent an abuse of discretion. Ex parteWal-Mart Stores, Inc., 725 So.2d 279 (Ala. 1998); Dow-UnitedTechnologies Composite Products, Inc. v. Webster, 701 So.2d 22
(Ala.Civ.App. 1997).
In its order granting Green's Rule 60(b) motion, the trial court made the following findings:
 "That counsel for [Green] mistakenly informed [Green] that § 25-5-57(a)(3)(i), [Ala. Code 1975,] [ a part] of the Alabama Workers' Compensation [Act,] applied to the issues of this case, but in fact this case comes under the [pre-May 19, 1992, version of the Workers' Compensation Act, known before May 19, 1992, as the Workmen's Compensation Act]. That [Green] acted on this advice of counsel and entered into the settlement of his workmen's compensation claim, which was subsequently ratified by the court. That this mistaken belief of counsel and the plaintiff was a mistaken belief that could be prejudicial to [Green] so as to deprive him of a full and fair settlement of his claim as provided by law."
Thus, the trial court granted Green's Rule 60(b) motion on the grounds of "mistake," which is a ground encompassed within Rule 60(b)(1), Ala.R.Civ.P.
We must hold that the trial court erred in determining that Green was entitled to relief under the provisions of Rule 60(b)(1). Green's mistake concerned whether the provisions of §25-5-57(a)(3)(i), Ala. Code 1975, applied to his action. Green's injury occurred in 1991, before the May 19, 1992, effective date of § 25-5-57(a)(3(i), Ala. Code 1975; thus, that section did not apply to Green's action for workmen's compensation benefits. Green's lawyer erred in determining that § 25-5-57(a)(3)(i) applied to Green's action for benefits for his 1991 injury. Therefore, the mistake was a mistake of law. It is well settled that a mistake of law is not a ground for relief under Rule 60(b)(1). Ex parte Alfa Mut. Gen. Ins. Co., 681 So.2d 1047 (Ala. 1996); Higgins v. Douglas, 572 So.2d 1259 (Ala. 1990); DaughertyAssocs. v. Silmon, 535 So.2d 135 (Ala. 1988); Dow-UnitedTechnologies Composite Prods., Inc. v. Webster, supra; Boles v.Hooper McDonald, Inc., 424 So.2d 634 (Ala.Civ.App. 1982). We also note that relief under Rule 60(b)(6), Ala.R.Civ.P., which provides for relief for "any other reason justifying relief from the operation of the judgment," is reserved for extraordinary *Page 414 
circumstances. Chambers County Comm'rs v. Walker, 459 So.2d 861
(Ala. 1984). A mistake of law by a party's lawyer is not one of the extraordinary circumstances justifying relief under Rule 60(b); nor does it relieve a party of his duty to protect his own legal interests. Chambers County Comm'rs v. Walker, 459 So.2d at 866.
Green's mistake of law was not an appropriate basis for relief under Rule 60(b)(1). The trial court abused its discretion in granting Green's Rule 60(b) motion on that basis. We therefore reverse the order granting Green's Rule 60(b) motion. On remand, the trial court is instructed to vacate its March 1, 1999, order, and to reinstate its December 15, 1995, judgment approving the parties' settlement agreement.
REVERSED AND REMANDED WITH INSTRUCTIONS.
Robertson, P.J., and Yates, Monroe, and Crawley, JJ., concur.