Kenneth Green filed a negligence action against Kenneth Ingram, Jr., an attorney-at-law, and Ingram's law firm, Kenneth Ingram Associates (hereinafter collectively referred to as "Ingram"), under the Alabama Legal Services Liability Act, §§ 6-5-570 to -581, Ala. Code 1975. Ingram answered, denying negligence and asserting a statute-of-limitations defense. Both Green and Ingram moved for a summary judgment. After conducting a hearing, the trial court entered a summary judgment for Ingram. Green appealed.
Green alleged that Ingram had negligently handled Green's workers' compensation claim against Wal-Mart Stores, Inc. That claim was the subject of the opinion in Wal-Mart Stores, Inc. v. Green, 740 So.2d 412
(Ala.Civ.App. 1999). In that case, the Court of Civil Appeals wrote:
 "Kenneth Green sued his employer, Wal-Mart Stores, Inc., seeking workers' compensation benefits arising out of a 1991 on-the-job injury. The parties entered into a settlement agreement; Green was represented by counsel in negotiating the settlement agreement. On December 15, 1995, the trial court entered a judgment approving the terms of the parties' settlement agreement.
 "On February 23, 1996, Green filed a motion pursuant to the provisions of § 25-5-57(a)(3)(i), Ala. Code 1975, seeking a reconsideration of his claim for *Page 1071 
workers' compensation benefits. In the alternative, Green sought relief from the December 15, 1995, judgment, pursuant to Rule 60(b)(1) or (6), Ala.R.Civ.P. On February 3, 1997, the trial court entered an order granting Green's Rule 60(b) motion and setting aside the December 15, 1995, judgment.
 "The parties conducted additional discovery. After receiving additional testimony, the trial court, on March 1, 1999, entered a judgment finding Green permanently and totally disabled and awarding benefits accordingly. Wal-Mart appealed, arguing that the trial court erred in granting Green's Rule 60(b) motion and in setting aside the December 15, 1995, judgment.
". . . .
 ". . . Thus, the trial court granted Green's Rule 60(b) motion on the grounds of `mistake,' which is a ground encompassed within Rule 60(b)(1), Ala.R.Civ.P.
 ". . . Green's mistake concerned whether the provisions of § 25-5-57(a)(3)(i), Ala. Code 1975, applied to his action. Green's injury occurred in 1991, before the May 19, 1992, effective date of § 25-5-57(a)(3)(i), Ala. Code 1975; thus, that section did not apply to Green's action for workmen's compensation benefits. Green's lawyer erred in determining that § 25-5-57(a)(3)(i) applied to Green's action for benefits for his 1991 injury. Therefore, the mistake was a mistake of law. It is well settled that a mistake of law is not a ground for relief under Rule 60(b)(1)."
740 So.2d at 412-13. (Citations omitted.)
In Wal-Mart Stores, the Court of Civil Appeals reversed the trial court's order granting the Rule 60(b) motion and instructed the trial court to vacate its March 1, 1999, order and to reinstate its December 15, 1995, judgment approving the parties' settlement agreement.
The Court of Civil Appeals issued its opinion in Wal-Mart Stores on August 20, 1999. On October 22, 1999, Green filed this legal-malpractice action against Ingram. He alleged specifically that Ingram had negligently advised him to settle the workers' compensation case for $10,000.
Green moved for a summary judgment on the issue of Ingram's liability, contending that the opinion of the Court of Civil Appeals in Wal-MartStores established negligence on the part of Ingram. Green relied upon this statement by the Court of Civil Appeals: "A mistake of law by a party's lawyer is not one of the extraordinary circumstances justifying relief under Rule 60(b). . . ." Wal-Mart Stores, 740 So.2d at 414. In his response to Green's motion, Ingram pointed out that the wording in the Court of Civil Appeals opinion suggested that a "mistake of law" had been made, not that Ingram, Green's attorney, had been negligent. Ingram also pointed out that the law required Green to show that Ingram had deviated from the standard of care set out in § 6-5-580, Ala. Code 1975, and he argued that Green had failed to present expert testimony or any other evidence to show that Ingram had deviated from the applicable standard of care. See Tonsmeire v. AmSouth Bank, 659 So.2d 601 (Ala. 1995).
In his own summary-judgment motion, Ingram contended that he had not breached the applicable standard of care and that, in any case, Green's claim was barred by the applicable statute of limitations. Ingram filed an affidavit stating that in handling Green's workers' compensation claim he had "met that degree of care and skill and diligence which other similar[ly] situated legal service providers in the same general line of their practice and the same general area have and exercise in the *Page 1072 
like case." Ingram also filed the affidavit of another attorney, one who had specialized in the practice of workers' compensation law for 17 years. That attorney stated that he had conducted an extensive review of the records pertinent to the settlement of Green's workers' compensation claim and that in his opinion "Green received a fair settlement based upon the medical records, vocational reports and other pertinent records available at the time of settlement."[1]
Green filed a response in opposition to Ingram's summary-judgment motion. In that response, Green stated that he was attaching the affidavit of an attorney who expressed the opinion that the legal services Ingram had provided Green fell below the applicable standard of care, skill, and diligence. However, that affidavit is not contained in either the record or the supplemental record. In fact, Green's response in opposition to Ingram's summary-judgment motion refers to several attachments (affidavits and letters) that are not contained in the record; we cannot ascertain from the record whether these attachments were before the trial court. This Court's appellate review is restricted to the record on appeal, and it cannot consider any evidence or contention that is not supported by the record. Etherton v. City ofHomewood, 700 So.2d 1374 (Ala. 1997); King v. Garrett, 613 So.2d 1283
(Ala. 1993).
In Tonsmeire v. AmSouth Bank, 659 So.2d at 605, this Court, adopting as its opinion the order of the trial court, stated, "Expert testimony is required in order to establish deviation from a standard of care in connection with [an] alleged breach [of an attorney's standard of care]. Ala. Code 1975, § 6-5-580." Ingram had made a prima facie showing that he had not acted negligently in handling Green's workers' compensation claim. The record contains no evidence controverting that prima facie showing and creating a genuine issue of material fact on the question of negligence. Thus, Ingram was entitled to a summary judgment. Rule 56(c), Ala.R.Civ.P.
We need not determine whether Green's claim was barred by the statute of limitations. We recognize that the trial court based its summary judgment in favor of Ingram upon its determination that Green's claim was barred by the statute of limitations. However, we will affirm a properly entered summary judgment regardless of the reason stated by the trial court. See, e.g., McAlpin v. City of Decatur, 628 So.2d 611 (Ala. 1993). The summary judgment is affirmed.
AFFIRMED.
Moore, C.J., and Lyons, Johnstone, and Woodall, JJ., concur.
[1] Before he entered the settlement in 1995, Green had returned to work with Wal-Mart and his vocational expert had assessed his vocational disability at 45-55%. In January 1996, Wal-Mart terminated Green's employment for medical reasons.