BOLIN, Justice
(concurring in part and dissenting in part).
I concur in all aspects of the main opinion with the exception of Part I.B.8., as to which I respectfully dissent.
Part I.B.l. of the main opinion concerns the Bank’s claim “that the lawyers wrongly identified [Brewton Neal] Greene as a guarantor of the LCCI debt and thereby wrongly caused Greene to be made a defendant in the Bank’s collection action.” 42 So.3d at 681. In Part I.B., the Court quotes from and relies upon Valentine v. Watters, 896 So.2d 385 (Ala.2004), for the settled proposition that, although expert testimony is generally required in a legal-malpractice action brought under the Alabama Legal Services Liability Act, § 6-5-570 et seq., Ala.Code 1975 (“the ALSLA”), expert testimony is not required when the alleged breach of the standard of care comes within the comprehension of the average layman. In Valentine, we stated:
“We are persuaded by our earlier analyses under the medical-services-liability cases and by other courts’ application of that same kind of analysis to legal-services-liability cases that an exception to the general requirement that a plaintiff present expert testimony in support of a legal-malpractice claim occurs where a legal-service provider’s want of skill or lack of care is so apparent as to be understood by a layperson and requires only common knowledge and experience to understand it....”
896 So.2d at 394.
The lawyers argued that they relied on a “Statement of Account/Sworn Statement of Claim” that they prepared and submitted to the Bank and that listed both “Lacoste Construction Company, Inc.” and “Neal Greene” therein. The main opinion correctly holds:
“The preparation of the sworn statement of account and the lawyers’ reliance upon it involved the exercise of professional judgment. Under the circumstances of this case, a determination of whether the sworn statement was correctly prepared and whether the lawyers properly relied upon it as part of the suit-initiation process are matters beyond the common knowledge of the average layperson. Therefore, expert testimony was required to establish the standard of care applicable to the lawyers and whether they deviated from it in preparing the statement and subsequently relying on it after the Bank had signed it. See Tonsmeire [v. AmSouth Bank, 659 So.2d 601 (Ala.1995)]; Valentine, supra.”
42 So.3d at 684.
I am not able to contrast the above conclusion with the conclusion of the main opinion in Part I.B.3., which also addresses legal malpractice and whether expert testimony was necessary to show an alleged breach of the standard of care. Part I.B.3. of the main opinion addresses the issue *694 whether the Stokes Clinton firm committed legal malpractice by improperly causing Greene to be served by publication in the collection action. As was noted in the main opinion, a lawyer for Stokes Clinton prepared an affidavit in support of obtaining a court order allowing service of process by publication. The trial court had the returns on service before it showing that the attempted service on Greene by the sheriff was returned “not found — no longer employed by LCCI” and that the attempted service by certified mail was returned “unclaimed.” In support of substituted service of process (by publication), the affidavit submitted by the lawyer in support of the motion simply stated:
“1. My name is J. Paul Clinton, and I am the attorney of record for the plaintiff. I give this affidavit based upon personal knowledge of the facts herein.
“2. The defendant has been avoiding service. The defendant has been absent from their residence for more than thirty (30) days since the filing of this complaint and cannot be located. Service cannot be perfected upon the defendant by any method other than publication.”
Rule 4.3(c), Ala. R. Civ. P., provides that “[t]he mere fact of failure of service is not sufficient evidence of avoidance, and the affidavit in subdivision (d)(1) of this rule must aver specific facts of avoidance.” The trial court, in its file, had the “mere fact of failure of service” before it, together with the conclusory affidavit submitted by the lawyer (see Rule 4.(d), regarding “facts showing such avoidance”), yet the trial court entered an order allowing the plaintiff to proceed with service by publication.
Although it may be easy enough for a layperson to understand that a person or entity must receive notice of a lawsuit and that there are rules that apply to such notice, I believe expert testimony is needed to understand the intricacies of the types of service of process under Rule 4, Ala. R. Civ. P., and what constitutes avoidance of service of process. Indeed, it appears that even the learned trial judge incorrectly allowed service of process by publication in this case. Rule 4, Ala. R. Civ. P., may not be the most difficult of legal concepts to master; however, I believe the main opinion is incorrect in holding that the lawyer’s determination that Greene was avoiding service of process was “so apparent as to be understood by a layperson and requires only common knowledge and experience to understand it,” thereby obviating the necessity of expert testimony.
In short, I concur that expert testimony was necessary for the jury to determine the sufficiency of the sworn statement of account with regard to an alleged breach of a lawyer’s standard, as the main opinion holds in Part I.B.l. For the reasons previously stated, it is my judgment that there was an even greater necessity for expert testimony concerning the requirements in Rule 4.3 for service by publication, and I would affirm the judgment as a matter of law granted by the trial court discussed in Part I.B.3. of the main opinion.
STUART, J., concurs.