[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15303
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-00240-WKW-SRW


LAND VENTURES FOR 2, LLC,

Plaintiff-Appellant,

versus

MICHAEL AARON FRITZ, SR.,
FRITZ, HUGHES & HILL, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 29, 2016)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Land Ventures for 2, LLC, appeals the summary judgment against its complaint that Michael Aaron Fritz Sr., and his law firm, Fritz, Hughes & Hill, LLC, committed legal malpractice under the Alabama Legal Services Liability Act, Ala. Code § 6–5–570 *et seq*. Land Ventures retained Fritz to assist it in obtaining relief under the Bankruptcy Code, but it sued Fritz after its petition for bankruptcy was converted involuntarily from a Chapter 11 proceeding to a Chapter 7 proceeding and its assets were liquidated. The district court ruled that Land Ventures failed to prove that, but for Fritz's conduct, "the bankruptcy proceeding would have resolved more favorably." After careful review, we affirm.

We review *de novo* a summary judgment and view the evidence in the light most favorable to the nonmoving party. *Mississippi Valley Title Ins. Co. v. Thompson*, 802 F.3d 1248, 1252 (11th Cir. 2015). Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Land Ventures challenges the findings of fact and conclusions of law of the bankruptcy court, but we do not review its assessment of the action. Land Ventures does not dispute that its civil action was not a core proceeding but was related to its bankruptcy case. *See* 28 U.S.C. § 157(c)(1). As required under section 157(c)(1), the district court reviewed *de novo* the proposed findings and conclusions that Land Ventures failed to prove that it suffered damages, that there was a causal

2

connection between its injury and Fritz's conduct, and that Fritz breached the applicable standard of care. *See id.* And the district court "arriv[ed] at an independent judgment," *Matter of Ferris*, 764 F.2d 1475, 1478 (11th Cir. 1985), that Land Ventures failed to prove the element of causation. Because the district court, by entering final judgment, 28 U.S.C. § 157(c)(1), "made the only decision there is for us to review," *In re Rasbury*, 24 F.3d 159, 166 (11th Cir. 1994), we will not consider the argument of Land Ventures about errors committed by the bankruptcy court.

Land Ventures argues that a genuine dispute existed about whether Fritz misrepresented that he was an expert in Chapter 11 bankruptcy practice, but this issue is not properly before us. "To prevail on a particular theory of liability, a party must present that argument to the district court." *Fils v. City of Aventura*, 647 F.3d 1272, 1284 (11th Cir. 2011). Land Ventures alleged in paragraphs 141 and 150 of its complaint that Fritz failed to perform twelve actions, "each of [which] . . . constitute[d] a breach of the applicable standard of care for a licensed legal services provider." But nowhere in that list is an allegation that Fritz misrepresented his level of expertise. We will not consider a theory of liability that Land Ventures failed to raise in the district court.

The district court did not err by entering summary judgment in favor of Fritz. Expert testimony is required generally to establish that a legal services

3

provider has deviated from the applicable standard of care. *Tonsmeire v. AmSouth Bank*, 659 So. 2d 601, 605 (Ala. 1995). The district court struck the expert proffered by Land Ventures, and the company does not challenge that adverse ruling on appeal. Fritz submitted an affidavit and testimony from an attorney who practiced in the bankruptcy courts in Alabama that established Fritz did not breach the standard of care. Without an expert to create a genuine factual dispute about the adequacy of Fritz's representation, Fritz was entitled to summary judgment. *See Green v. Ingram*, 794 So. 2d 1070, 1072 (Ala. 2001).

We **AFFIRM** the summary judgment in favor of Fritz.